## SECOND DEPARTMENT, JULY, 1968

### (July 1, 1968)

■ GAETANO CASCIA, Respondent, v. MAZE WOODENWARE CO., INC., Defendant and Third-Party Plaintiff-Appellant. ZEILON MASON CONTRACTORS, Third-Party Defendant-Respondent.— Motion by plaintiff-respondent for leave to appeal to the Court of Appeals on a certified question or, in the alternative, to resettle the order of this court dated April 15, 1968 (which reversed, " on the law and the facts and in the interests of justice ", a judgment in favor of plaintiff against defendant and in favor of the third-party defendant against the third-party plaintiff and granted a new trial), so as to provide that " the reversal is on the law. alone, or that the complaint be dismissed on the law for failure of proof." Motion denied insofar as it is for leave to appeal to the Court of Appeals. Motion insofar as it is for resettlement disposed of as follows: This court's opinion and decision slip dated April 15, 1968 [29 A D 2d 964], is withdrawn and substituted by the following: Appeal by defendant and third-party plaintiff from a judgment of the Supreme Court, Kings County, dated April 10, 1967, in favor of plaintiff against defendant, upon a jury verdict, and dismissing the third-party complaint, upon the trial court's decision. Judgment modified, on the law, by striking therefrom the first decretal paragraph and the following from the third decretal paragraph: " that the plaintiff have execution therefor upon the judgment herein and ", and by substituting therefor provisions that plaintiff's complaint is dismissed, with costs to be taxed, and that appellant have execution for such costs. As so modified, judgment affirmed, with costs to appellant against plaintiff. The findings of fact below have not been affirmed. In this court's opinion and decision slip dated April 15, 1968 (which is being amended hereby), the ground of the decision was stated to be that plaintiff had presented no proof that the " putlog " in question was defective when it was delivered to plaintiff's employer, the third-party defendant; and the purpose of granting a new trial was to give plaintiff an opportunity to adduce such proof. However, on the instant motion his attorney contends that the proof was sufficient as to that issue, has averred that it is " impossible to adduce any further evidence " thereon, and asks that this court dismiss the complaint because that " will enable the Court of

Appeals to determine whether the proof  *  *  *  was sufficient to support the jury's finding." Under the circumstances, this aspect of the instant motion should be granted. However, with the complaint dismissed, it follows that the granting of a new trial as to the third-party complaint must also be withdrawn and the provisions in the judgment in favor of the third-party defendant upon the dismissal of the third-party complaint must be affirmed. Were it not for plaintiff's request and consent to the amendment of the original opinion and decision slip as herein provided for, we would not now revise our said original determination, since we adhere to the views set forth in said original slip, not only as to plaintiff's evidence concerning the putlog, but also as to the amendment of the complaint shortly before the case went to the jury and as to the third-party defendant's liability to appellant on the indemnity agreement. This court's order dated April 15, 1968 is vacated and a new order in accordance herewith will be made. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.